UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------x
UNITED STATES OF AMERICA,

    -against-                                    MEMORANDUM AND ORDER
                                                      97 CR 1146 (ILG)

RAFAEL ARROYO,

                        Defendant.
------------------------------------------------x

GLASSER, United States Senior District Judge:

## **INTRODUCTION**

On January 28, 1999, Rafael Arroyo ("Arroyo") pleaded guilty to Count Seventeen of an eighteen count indictment. Count Seventeen charged that between January 1993 and 1997, Arroyo along with at least eight others conspired to possess and distribute cocaine and cocaine base in violation of 21 U.S.C. §§ 851(a)(1), (b)(1)(A) and 846. Arroyo's conduct involved over 1.5 kilograms of cocaine base. On May 24, 1999, this Court sentenced Arroyo to a term of imprisonment of 144 months and 60 months of supervised release. Arroyo's projected release date from prison is July 28, 2008. On February 28, 2008, this Court ordered the government to show cause why Arroyo's term of imprisonment should not be reduced to time served pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10. For the reasons stated below, Arroyo does not qualify for a reduced sentence.

1

**BACKGROUND**

On December 16, 1997, Arroyo was arrested for his participation in drug trafficking as a member of the CIC/Cavemen gang. At the time of sentencing, the base offense level pursuant to the United States Sentencing Guidelines (the "Guidelines") for offenses involving over 1.5 kilograms of cocaine base was 38. The presentence report indicates that Arroyo received a three-point enhancement pursuant to U.S.S.G. § 2D1.1(b)(1) for possession of a firearm in connection with the offense, a two-point enhancement pursuant to U.S.S.G. § 3B1.1(b) for his role in the conspiracy, and a two-point reduction pursuant to U.S.S.G. § 3E1.1(a) for acceptance of responsibility, resulting in a total offense level of 41. Based on Arroyo's criminal history category of I, the Guidelines range for Arroyo's offense was a term of imprisonment of 324-405 months.

However, Arroyo did not receive a sentence within the Guidelines range. Instead, Arroyo entered into a plea agreement with the government pursuant to Fed. R. Crim. P. 11(e)(1)(C) ("Rule 11(e)(1)(C)"),[1] whereby the government and Arroyo agreed to a specific sentence of 144 months. The Court accepted that agreement on May 24, 1999, when it imposed on Arroyo a term of imprisonment of 144 months.

---

[1] Rule 11(e)(1)(C) is now Fed. R. Crim. P. 11(c)(1)(C), which provides:
    If the defendant pleads guilty . . . the plea agreement may specify that an attorney for the government will:
    (C) agree that a specific sentence or sentencing range is the appropriate disposition of the case, or that a particular provision of the Sentencing Guidelines, or policy statement, or sentencing factor does or does not apply (such a recommendation or request *binds the court once the court accepts the plea agreement*).
(emphasis added).

## DISCUSSION

18 U.S.C. § 3582(c)(2) ("Section 3582(c)(2)") permits a district court to modify the sentence of a defendant whose term of imprisonment was based on a sentencing range that has subsequently been lowered by the Sentencing Commission so long as the reduction is "consistent with applicable policy statements issued by the Sentencing Commission." On November 1, 2007, the United States Sentencing Commission issued Amendment 706 to U.S.S.G. § 2D1.1, which generally reduces by two levels the base offense level applicable to cocaine base offenses. The retroactive application of the amendment commenced on March 3, 2008. See U.S.S.G. § 1B1.10; 18 U.S.C. § 3582(c)(2).

Arroyo, unfortunately, is not eligible for the reduction under Section 3582(c)(2). The policy statement embodied by U.S.S.G. § 1B1.10 explains that a court may only reduce a defendant's term of imprisonment under Section 3582(c)(2) if an amendment listed in subsection (c) of the policy statement has "the effect of lowering the defendant's applicable guidelines range." U.S.S.G. § 1B1.10(a)(2)(b). Arroyo's stipulated sentence was not "based on a sentencing range that has subsequently been lowered by the Sentencing Commission," 18 U.S.C. § 3582(c)(2), but rather a Rule 11(e)(1)(C) plea agreement which expressly limits a district court's authority to modify that agreement once it is accepted by the court. See United States v. Williams, 260 F.3d 160, 165 (2d Cir. 2001) ("[A] district court may accept or reject a Rule 11(e)(1)(C) sentence bargain, but may in no event modify it." (citing United States v. Cunavelis, 969 F.2d 1419, 1422-23 (2d Cir. 1992))). Therefore, this Court does not have the authority under Section

3

3582(c)(2) to modify Arroyo's sentence.[2] See, e.g., United States v. Gordon, 97 CR 24 (FHS), 2008 U.S. Dist. LEXIS 25898, at *3 (E.D. Okla. Mar. 31, 2008) ("[A] defendant cannot seek [a] reduction of [his] sentence under section 3582(c)(2) where [a] stipulated sentence was imposed pursuant to a Rule 11(e)(1)(C) plea agreement." (citing United States v. Trujeque, 100 F.3d 869, 870-871 (10th Cir. 1996))); United States v. Clayborn, 05 CR 51-01, 2008 U.S. Dist. LEXIS 41772, at *3-4 (M.D. Pa. May 28, 2008) ("Amendment 706 does not apply because [defendant]'s sentence was one agreed to under Rule 11(c)(1)(C). Section 3582(c)(2) applies only to a defendant who has been sentenced '*based on* a sentencing range that has subsequently been lowered by the Sentencing Commission,' . . . not on a sentence the parties agreed to under Rule 11(c)(1)(C)." (emphasis in original)).

## CONCLUSION

For the foregoing reasons, this Court finds that the government has shown cause why the Court should not reduce Arroyo's term of imprisonment pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10.

---

[2] Arroyo argues that, despite the holding in Cunavelis, a re-sentencing of a defendant serving a term of imprisonment pursuant to a Rule 11(e)(1)(C) agreement involving cocaine base is not necessarily a modification of that agreement if the agreed upon sentence took into account the higher Guidelines range under U.S.S.G. § 2D1.1 before Amendment 706 was enacted. This Court disagrees. The plain language of Rule 11(e)(1)(C) states that the district court, once it accepts the plea agreement, is bound by its terms. Accordingly, the district court may not later modify that agreement. Any reduction in Arroyo's sentence pursuant to Section 3582(c) would result in a "modification" within the purview of that statute.

SO ORDERED.

Dated:      Brooklyn, New York
            June 18, 2008

                                    _____/s/_____
                                    I. Leo Glasser
                                    United States Senior District Judge



Copies of the foregoing memorandum and order were electronically sent to:

Counsel for the Defendant:

Mildred M. Whalen
Federal Defenders of New York, Inc.
16 Court Street
Brooklyn, New York 11201

Counsel for the Government:

Paul A. Tuchmann, Esq.
Assistant United States Attorney for the Eastern District of New York
271 Cadman Plaza East
Brooklyn, New York 11201